IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WOOD,                                    Civil No. 08-6028-AA
                                               OPINION AND ORDER
            Plaintiff,

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.
_____

Kathryn Tassinari
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
        Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
        Attorneys for defendant

AIKEN, Judge:

        Claimant, David Wood, brings this action pursuant to the

Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1    - OPINION AND ORDER

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff applied for benefits on December 14, 2004, alleging disability as of July 3, 2003. Tr. 69-71, 215-18. His application was denied initially and upon reconsideration. Plaintiff requested and received a hearing before an administrative law judge (ALJ) on May 30, 2007. Tr. 219. At the hearing, plaintiff amended his claim from an "open" to a "closed" period beginning November 6, 2004, and ending August 1, 2006. Tr. 223-24. The parties agree that as of August 1, 2006, plaintiff has been working at substantial gainful activity levels and is therefore ineligible for benefits since that date.

On August 6, 2007, the ALJ issued a decision denying plaintiff's claim for benefits. Tr. 11-21. Plaintiff requested review of the decision which was denied by the Appeals Council on November 21, 2007. Tr. 5-10. Therefore, the ALJ's decision became the final decision of the agency from which plaintiff seeks judicial review.

## STATEMENT OF THE FACTS

Plaintiff was 36 years old at the time of the hearing. Tr. 224. He completed the 11th grade but failed to earn a high school diploma or General Equivalency Diploma. Id. He has past relevant work as a truck driver, trash collection driver, dump

truck driver, industrial cleaner, and a janitor.  Tr. 273-74.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.  First the Secretary determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

3    - OPINION AND ORDER

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c).   If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can work, she is not disabled.  If she cannot perform past relevant work, the burden shifts to the Secretary.   In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

1. The ALJ's Findings

At step one of the sequential analysis outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity during the closed period from November 1, 2004, through

4    - OPINION AND ORDER

1   August 1, 2006; thereafter, the parties agree, plaintiff returned
2   to work at substantial gainful activity levels. Tr. 16-17. See
3   20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the ALJ found
4   that plaintiff had the impairments of cognitive disorder and
5   chronic adjustment disorder, with mixed disturbance of emotions
6   and conduct, a combination that was "severe" within the meaning
7   of the regulations. Tr. 17. See 20 C.F.R. §§ 404.1520(c),
8   416.920(c). At step three, the ALJ found that plaintiff's
9   impairments did not meet or equal the requirements of a listed
10  impairment. Tr. 17-18. See 20 C.F.R. §§ 404.1520(a)(4)(iii),
11  404.1520(d), 416.920(a)(4)(iii), 416.920(d).

12      The ALJ then determined that plaintiff had the residual
13  functional capacity (RFC) to perform work at all exertional
14  levels, with the following non-exertional limitations: not
15  capable of following detailed instructions; able to perform
16  activities within a schedule, maintain a routine, make simple
17  work related decisions, and complete a normal workday/workweek,
18  but should not be required to work with others, and was limited
19  to short/simple tasks; able to ask simple questions, accept
20  instructions, and maintain socially appropriate behavior, but
21  should not be required to work with the general public and should
22  have only limited contact with co-workers, and no teamwork. Tr.
23  18. See 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945.
24  At step four, the ALJ found that, during the closed period,
25  plaintiff was able to perform his past relevant work within the
26  RFC limitations noted above. Tr. 22. Therefore, the ALJ found
27  plaintiff not disabled.
28  ///

2. <u>Plaintiff's Allegations of Error</u>

A.    ERRONEOUS   CREDIBILITY   FINDING   AS   TO   PLAINTIFF'S
      TESTIMONY

I find no error in the ALJ's finding that plaintiff's perceptions of his limitations is not totally credible.  The ALJ cited clear and convincing reasons supported by substantial evidence for this finding.  These reasons included plaintiff's work history, both before and after the closed period, which fails to comport with plaintiff's assertion that his impairment was long-standing.  The ALJ also cited plaintiff's activities of daily living, including getting his children ready for school, grocery shopping, and cooking.  I agree with the ALJ as supported by the record that plaintiff's assertion that anxiety and cognitive limitations due to a brain injury he suffered at age eight prevented him from working for a discrete period of time (20 months) over 25 years later, is not credible.  The ALJ noted that plaintiff suffered the accidental death of his stepson in June 2005, however, this event occurred six months after plaintiff applied for benefits, and has not prevented him from returning to work.  Tr. 19.

The ALJ offered clear and convincing reasons for rejecting plaintiff's allegation of disability, which are supported by substantial evidence.  I will uphold that finding.

B.    IMPROPER EVALUATION OF EXAMINING PSYCHOLOGIST'S
      OPINION

Peter Moutlon, Ph.D., examined plaintiff on February 9, 2005.  Tr. 178-97.  Again, the ALJ cited clear and convincing reasons for doubting Dr. Moutlon's conclusion that plaintiff's

6    - OPINION AND ORDER

impairments are longstanding and unlikely to resolve.  Tr. 185-190.  The ALJ's findings are supported by plaintiff's work history, specifically plaintiff's undisputed resumption of substantial gainful activity as of August 2006.  Tr. 223.

      C.   IMPROPER EVALUATION OF LAY WITNESS TESTIMONY

Finally, plaintiff argues that the ALJ's failure to properly address the testimony of his partner, Ms. Davis, was error.  Even assuming error, I find it was harmless when considered in the context of the record.  See Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2005)(such error can only be considered harmless if a reviewing court can conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination).  Here, even crediting Ms. Davis's statements that at times plaintiff was overwhelmed by stress, that she needed to leave him notes around the house to help him get his tasks accomplished, and that he occasionally called in for help to find a particular address while driving his truck, nonetheless these statements fail to explain why plaintiff could not perform work subject to the limitations accounted for in the ALJ's RFC finding.

///
///
///
///
///
///
///
///

7   - OPINION AND ORDER

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed.   This case is dismissed. IT IS SO ORDERED.

Dated this  13   day of January 2009.




                              /s/ Ann Aiken
                              Ann Aiken
                        United States District Judge